1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

10

| David Allen Wiechens, | No. CV-13-00900-PHX-JAT (BSB) |
| Petitioner, | **REPORT AND** |
| vs. | **RECOMMENDATION** |
| Charles L. Ryan, et. al, | |
| Respondents. | |

16      Petitioner David Allen Wiechens has filed a *pro se* Petition for Writ of Habeas

17  Corpus, pursuant to 28 U.S.C. § 2254, raising two grounds for relief.  (Doc. 1.)  Petitioner

18  asserts that his Sixth Amendment rights were violated when he was denied effective

19  assistance of counsel; and that his Fourteenth Amendment due process rights were

20  violated when the trial court dismissed his post-conviction proceedings as untimely.  (*Id.*

21  at 8, 19.)  Respondents assert that the Petition should be dismissed as untimely under the

22  Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of

23  limitations applicable to state prisoners seeking federal habeas corpus relief.  (Doc. 8.)

24  Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims

25  is procedurally barred.  Petitioner has not filed a reply and the time to do so has passed.

26  For the reasons below, the Court finds the Petition untimely, recommends that the

27  Petition be dismissed, and does not reach Respondents' alternative arguments.

28

1    **I.      Factual and Procedural Background**

2           **A.      Charges, Plea, and Sentencing**

3           On December 1, 2009, Petitioner was indicted by a grand jury in the Superior

4    Court of Arizona, Maricopa County (trial court), on one count of manslaughter, a class

5    two dangerous felony.  (Respondents' Ex. A.)[1]  On March 26, 2010, Petitioner pleaded

6    guilty.  (Respondents' Exs. C, D.)  The plea agreement provided a stipulated sentence of

7    seven years' imprisonment.  After hearing from numerous victims during a June 18, 2010

8    hearing, the trial court rejected the stipulated sentence.  (Respondents' Ex. E, F.)  The

9    trial court addressed Petitioner, and Petitioner stated that he did not wish to withdraw

10   from the plea agreement.  Petitioner did not object to the trial court's rejection of the

11   stipulated sentence.  (Respondents' Ex. E at 2.)  The trial court found that Petitioner

12   "knowingly, intelligently, and voluntarily waived all pertinent constitutional and

13   appellate rights and entered a plea of guilty," and sentenced him to ten years'

14   imprisonment.  (*Id*. at 3.)  Petitioner then received and signed a notice of his right to seek

15   post-conviction relief.  (Respondents' Ex. G.)

16          **B.      Rule 32 "Of-Right" Proceeding**

17          On November 26, 2012, Petitioner filed a notice of post-conviction relief in the

18   trial court pursuant to Arizona Rule of Criminal Procedure 32.[2]  (Respondents' Ex. H.)

19   Petitioner acknowledged that his notice was untimely, but argued that the court should

20   consider it pursuant to Rule 32.1(g) because the Supreme Court's decision in *Martinez v.*

21   *Ryan,* ___ U.S. ___, 132 S. Ct. 1309 (2012) was a "significant change in the law that if

22   applied retroactively to his case, would probably affect the outcome of his convictions or

23

24   ───────────────

25   [1]  Citations to "Respondents' Ex." are to exhibits to Respondents' Limited Answer to Petition for Writ of Habeas Corpus.  (Doc. 8.)

26   [2]  Pursuant to his plea, Petitioner's only avenue of direct review was a Rule 32

27   "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no

28   contest . . . shall have the right to file a post-conviction relief proceeding known as a Rule 32 of-right proceeding").

1    sentences."[3]  (*Id*.)  In *Martinez*, the Supreme Court held that the ineffective assistance of

2    counsel at initial collateral proceedings, in states where ineffective assistance of trial

3    counsel claims must be brought on collateral review rather than on direct appeal, "may

4    establish cause for a prisoner's procedural default of such claims."  132 S. Ct. at 1315.

5    The trial court found that *Martinez* did not apply to Petitioner and did not "provide relief

6    at the state court level."  (Respondents' Ex. I.)  The trial court concluded that Rule

7    32.1(g) did not apply and dismissed the notice of post-conviction relief as untimely under

8    Arizona Rule of Criminal Procedure 32.4(a).  (*Id*.)  On December 17, 2012, Petitioner

9    filed a motion for reconsideration of the dismissal of his post-conviction proceeding, and

10   on April 3, 2013, the trial court denied it.  (Respondents' Exs. J and K.)

11          **C.**     **Petition for Writ of Habeas Corpus**

12         On May 2, 2013, Petitioner filed the pending Petition for Writ of Habeas Corpus

13   alleging that he was denied his Sixth Amendment right to the effective assistance of

14   counsel because his trial counsel did not object to the amendment of the plea agreement

15   to allow a sentence in excess of the stipulated seven-year prison term and because trial

16   counsel did not adequately advise him regarding the new potential sentencing range.

17   (Doc. 1 at 8.)  Petitioner also argues that that the superior court violated his Fourteenth

18   Amendment due process rights by dismissing his Rule 32 petition as untimely.  (Doc. 1 at

19   19.)

20   **II.**    **Statute of Limitations**

21         The AEDPA provides a one-year statute of limitations for state prisoners to file

22   petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  That period

23   generally commences on "the date on which the judgment became final by the conclusion

24   of direct review or the expiration of the time for seeking such review."

---

25                  [3]  Rule 32.4 provides that "[a]ny notice not timely filed may only raise claims

26   pursuant to 32.1(d), (e), (f), (g) or (h)."  Ariz. R. Crim. P. 32.4.  Rule 32.1(g) provides

27   that an otherwise untimely claim may be asserted if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the

28   defendant's conviction or sentence."  Ariz. R. Crim. P. 32.1(g).

28 U.S.C. § 2244(d)(1)(A).   Respondents assert that because Petitioner did not file his Petition for Writ of Habeas Corpus within one year of the date on which his challenged conviction "became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1), and because he has not established a basis for tolling the limitations period, the Petition is untimely.  As set forth below, the Court agrees and finds the Petition untimely.

### A.   Commencement of the Limitations Period

To assess the timeliness of the Petition, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review."   28 U.S.C. § 2244(d)(1)(A).  By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals.  *See* Ariz. Rev. Stat. §13-4033(B).  Rather, Petitioner could seek review of his conviction and sentence in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal.  *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

The trial court sentenced Petitioner on June 18, 2010.  Therefore, his notice of post-conviction relief was due ninety days later on September 16, 2010.  *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.").  Because Petitioner did not file a timely notice of post-conviction relief, his conviction became final on September 16, 2010, upon "the expiration of the time for seeking [post-conviction] review."  *See Summers*, 481 F.3d at 711, 716-17.       Accordingly, the AEDPA statute of limitations began to run the next day and expired one year later on September 17, 2011.  Thus, the Petition filed nearly two years later is untimely absent statutory or equitable tolling.

/ /

/ / /

### B.    Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

After the limitations period had expired, Petitioner commenced his first post-conviction proceeding on November 26, 2012.  Because the AEDPA statute of limitations had expired by the time Petitioner commenced that post-conviction action, it did not toll the limitations period.  Once the AEDPA limitations period expires, a subsequently filed post-conviction relief proceeding cannot restart the statute of limitations.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation[ ] period is expired, collateral petitions can no longer serve to avoid a statute of limitation[ ].'"  *Johnson v. Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original)).

Additionally, even if the AEDPA limitations period had not expired, Petitioner's November 26, 2012 notice of post-conviction relief was untimely and therefore it was not properly filed for purposes of § 2244(d)(2) and would not toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection"); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Pace v. Diguglielmo*, 544 U.S. 408, 414-17 (2005) (holding that time limits are filing requirement and stating

1   that, when a post-conviction petition is untimely under state law, 'that [is] the end of the

2   matter' for purposes of § 2244(d)(2)).   Accordingly, the pending Petition for Writ of

3   Habeas Corpus, filed on May 2, 2013, is untimely unless equitable tolling applies.

4        **C.    Equitable Tolling**

5        The AEDPA limitations period may be equitably tolled because it is a statute of

6   limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549,

7   2560 (2010).   However, a petitioner is entitled to equitable tolling only if he shows:

8   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

9   circumstance stood in his way."  *Pace*, 544 U.S. at 418.   "The diligence required for

10  equitable tolling purposes is reasonable diligence, not maximum feasible diligence."

11  *Holland*, 130 S. Ct.2565 (internal citations and quotations omitted).  Whether to apply the

12  doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the

13  burden of showing that equitable tolling is appropriate.'"   *Espinoza-Matthews v.*

14  *California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).   "When

15  considering whether to apply equitable tolling, the Supreme Court has emphasized the

16  need for 'flexibility' and for 'avoiding mechanical rules.'"  *Nedds v. Calderon*, 678 F.3d

17  777, 780 (9th Cir. 2012) (quoting *Holland*, 130 S. Ct. 2563).

18       Petitioner argues that his notice of post-conviction relief was untimely because

19  trial counsel failed to clarify that Petitioner, not counsel, was responsible for filing that

20  notice. (Doc. 1 at 23.)  He also argues that because the trial court dismissed his Rule 32

21  notice as untimely, he did not have an opportunity to obtain counsel or file a petition.

22  (Doc. 1 at 8.)  It appears that Petitioner may also be arguing that the issues surrounding

23  the untimely filing of his Rule 32 notice led to the untimely filing of his § 2254 habeas

24  petition.

25       As discussed below, the circumstances in this case do not support a finding that

26  Petitioner diligently pursued his rights, or that an extraordinary circumstance prevented

27  him from timely filing his § 2254 habeas petition.  First, Petitioner did not file a notice of

28  post-conviction relief for more than two years after the trial court sentenced him and,

- 6 -

therefore, he has not shown that he diligently pursued his rights to seek post-conviction relief. Petitioner argues that he was unaware that he, not trial counsel, was responsible for filing a timely notice of post-conviction relief. The record, however, indicates that on the day of his sentencing, Petitioner received and signed a notice of right to post-conviction relief, stating that "[y]ou must file a NOTICE OF POST-CONVICTION RELIEF (Form XXIV(c) within 90 days of the entry of judgment and sentence." (Respondents' Ex. G.) Even if Petitioner misunderstood this notice, he has not provided any evidence that he contacted, or tried to contact, trial counsel to commence a post-conviction proceeding. Therefore, the Court concludes that Petitioner did not pursue his rights diligently.

Additionally, Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that prevented him from filing a timely federal habeas corpus petition. Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

Additionally, Petitioner's claim that trial counsel failed to advise Petitioner that he was responsible for filing a notice of post-conviction relief, even if accepted, would not establish an extraordinary circumstance for purposes of equitable tolling. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "'garden variety claim of excusable neglect,' . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 130 S. Ct. 2564 (internal citations omitted). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.* "An unadorned failure to advise about a limitations period would, at best, be simple negligence." *Holeman v. Ryan*, 2013 WL 3716603, at *10 (D. Ariz. Jul. 15, 2013); *cf.*

*Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (applying equitable tolling when petitioner's counsel, who was hired almost a year before the AEDPA deadline, did not take any steps to prepare the § 2254 petition, did not respond to petitioner's numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired); *Holland*, 130 S. Ct. 2564 (discussing potential for finding extraordinary circumstances when counsel misinformed petitioner about the AEDPA deadline, failed to advise petitioner that his state appeals had concluded, and failed to communicate with petitioner over period of years despite petitioner's repeated inquires).

Moreover, Petitioner alleges that trial counsel failed to advise him of his responsibility for filing a state post-conviction action, not for filing a federal habeas corpus petition. Counsel's alleged failure to advise Petitioner that he was responsible for filing a notice of post-conviction relief in the state court does not constitute an extraordinary circumstance that stood in the way of Petitioner filing a timely § 2254 habeas petition and does not warrant equitable tolling.

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his § 2254 habeas petition should be denied as untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief.

**III.    Conclusion**

Because Petitioner filed the pending Petition for Writ of Habeas Corpus after the expiration of the statute of limitations, and neither statutory nor equitable tolling render the Petition timely, it should be dismissed as untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is

justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 7th day of November, 2013.

_____
Bridget S. Bade
United States Magistrate Judge